# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

KEVIN MAURICE BROWN, SR., )
)
          Plaintiff, )
)
v. ) No. CIV 15-180-RAW-SPS
)
CORRECTIONS CORPORATION )
OF AMERICA, et al., )
)
          Defendants. )

## OPINION AND ORDER

This action is before the Court on Defendants' motion for summary judgment. The Court has before it for consideration Plaintiff's third amended complaint (Dkt. 61), Defendants' motion (Dkt. 101), and a special report prepared by Davis Correctional Facility (DCF) at the direction of the Court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (Dkt. 94). Plaintiff did not file a response to Defendants' motion, instead filing a motion for summary judgment (Dkt. 102).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking monetary relief for alleged constitutional violations during his incarceration at DCF in Holdenville, Oklahoma. The defendants are Corrections Corporation of America and the following DCF officials: Ray Larimer; Traci Tanner, Nurse; FNU Doyle; FNU Berry, Unit Manager; FNU Gentry, Chief of Security; FNU Madrid, Chief of Unit Managers; FNU Riddle, Captain; Bobby Booner, Deputy Warden; Jamie Balwin, Nurse; C/C Hovinetz; Tim Wilkerson, Warden; Nurse Bowers; and Correctional Officer Laurnt.[1]

---

[1] Defendants Tanner, Doyle, Madrid, and Bowers have not been served.

**Plaintiff's Allegations**

Plaintiff's third amended complaint (Dkt. 61) is difficult to understand, and portions are not legible. His statement of the nature of case reads:

1# Medical neglect--needs as one that has been diagnosed by a physician.

2# The use of force.

#3 [sic] The conditions you placed me in [illegible] consider when determining the adequacy of prison conditions no lights in the cell no heat water on the floor no matt [sic] to sleep on plus 72 hrs. no soap [illegible] toothpaste & no clothes on.

(Dkt. 61 at 2).

Plaintiff claims in Count 1 that on December 9, 2014, the medical staff did not provide his blood pressure pills or a mattress when he was in pain (Dkt. 61 at 2). He also alleges that on an unspecified date, Defendant Doyle made him lie on the ground, then Doyle was untruthful about the matter. *Id.* at 3. Plaintiff also claims that on an unspecified date and at the direction of Defendant Warden Wilkinson, Defendant Hovinetz took him to "jail" and lay on him, saying Plaintiff had threatened her. *Id.* at 4. Defendant Berry allegedly "watched the hold [sic] thing and could have stopped it." *Id.* In Count 2, Plaintiff alleges that on December 11, 2014, Berry came to his cell door and threatened Plaintiff, saying Doyle did not use force on Plaintiff. *Id.* at 8.

In Count 3 Plaintiff claims that C/O Hudson called Defendant Nurse Tanner, the nurse on duty, and told her that Plaintiff needed medication and to check Plaintiff's medical records for any medical instructions. *Id.* Plaintiff also alleges Defendant Deputy Warden Bobby Booner saw Plaintiff in lock-up and received a copy of a "civil matter." *Id.* Booner, however, would not help Plaintiff. *Id.* (Dkt. 61 at 8).

**Summary Judgment Standards**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A party opposing a motion for summary judgment, however, may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Exhaustion of Administrative Remedies**

Defendants CCA, Wilkinson, Booner, Larimer, Gentry, Berry, Riddle, Laurnt, Baldwin, and Hovinetz allege in their motion for summary judgment that Plaintiff failed to exhaust the administrative remedies for any of his claims before bringing this lawsuit. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins

3

the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

According to the DOC Offender Grievance Process, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the Review Authority (warden's office), asserting only the issue of the lack of response to the RTS. If the complaint is not resolved after the response to the RTS, the offender then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Health Services Administrative Review Authority. The administrative process is exhausted only after all of these steps have been taken. *See* Dkt. 101-2 at 7-15.

Defendants allege Plaintiff did not file any grievances related to any of the issues alleged in the third amended complaint. Terry Underwood, DCF Grievance Coordinator, states by affidavit that a diligent search of the records system at the prison facility was conducted. The search revealed that Plaintiff had filed no grievances prior to the filing of his original complaint on December 29, 2014. After filing the original complaint, Plaintiff submitted a grievance concerning his shoes on August 3, 2015. Between that date and January 30, 2016, he submitted six grievances, none of which were related to the claims raised in the original complaint or third amended complaint (Dkt. 101-3).

The affidavit further states that Plaintiff was on grievance restriction during part of the time at issue. Grievance restriction, however, does not prevent a prisoner from filing a

4

grievance. Instead, it raises the filing standard and places additional administrative steps which must be followed by the prisoner to submit a grievance. The DOC grievance policy, OP-030124, provides clear instructions to prisoners about how to file a grievance while on grievance restriction (Dkts. 101-2 at 18-19; 101-3 at 4).

Defendants also filed an affidavit by Mark Knutson, Manager of the DOC Administrative Review Authority (Dkt. 101-4). The affidavit states Mr. Knutson made a diligent search of the records maintained at the Administrative Review Authority office and determined that Plaintiff did not submit any grievances or grievance appeals related to his allegations of excessive force or conditions of confinement during the relevant time in December 2014 and following.

Cherri Redpath, a Nurse Manager in the DOC Medical Services office, states by affidavit that she reviewed the offender medical grievance log and the individual offender grievance files maintained by the office (Dkt. 101-5 at 2). According to the records, Plaintiff submitted five grievances, appeals, or other correspondence related to medical issues beginning on June 29, 2011. Only one of the submissions was received after December 9, 2014, the date of the first alleged incident. That submission was a grievance related to shoes. The office has received no filings from Plaintiff related to any of the medical allegations in this action.

After careful review, the Court finds there is no genuine issue of material fact, and Defendants are entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). Plaintiff has failed to exhaust the available administrative remedies for his claims as required by 42 U.S.C. § 1997e(a).

**ACCORDINGLY,** Defendants' motion for summary judgment (Dkt. 101) is GRANTED, and this action is DISMISSED WITHOUT PREJUDICE for failure to exhaust

administrative remedies pursuant to 42 U.S.C. § 1997e(a). Plaintiff's motion for summary judgment (Dkt. 102) is DENIED as moot.

**IT IS SO ORDERED** this 27th day of September 2016.

Ronald A. White
United States District Judge
Eastern District of Oklahoma